[No. 6113.]

THE GREENLAW LUMBER AND TIMBER COMPANY v. CHAMBERS.

1. Evidence—Objections—Cause Must Be Assigned—An objection to the reading of a deposition, no reason being assigned in the court below, will not be considered on appeal.—(588)

2. Appeals—When the Facts Will be Examined—Where the testimony is in conflict, the verdict of the jury must stand.—(589)

3. Appeals—Abstract—Error assigned upon the overruling of a question will not be considered unless the question. is set

out in the abstract. So, where the error assigned is that an instruction given was not based upon the evidence. and the evidence is not set out.—(589)

4. Depositions—Objections to Questions—The objection that a question propounded to a witness examined upon commission is leading, cannot be made at the trial.—(589)

5. Trial—Evidence in Rebuttal—The admission in rebuttal of what is properly evidence in chief is in the discretion of the trial court. Only in case of an abuse of the discretion will the action of the court below be reviewed.—(589)

*Error to La Plata County Court*—Hon. CHARLES A. PIKE, Judge.

Mr. J. A. PULLIAM, Mr. GEO. W. LANE, and Mr. D. B. CAREY, for plaintiff in error.

Mr. P. G. ELLIS, and Mr. IRVING B. MELVILLE, for defendant in error.

Mr. JUSTICE MUSSER delivered the opinion of the court:

This action was brought to recover for labor performed by the appellee and his two assignors, Ferguson and Collins, in hauling railroad ties for the appellant.

The first assignment of error relates to the admission of the testimony of Ferguson, who testified that Collins hired him. This is answered by the testimony of Collins, who testified that the defendant's general manager authorized Collins to employ men to aid in hauling the ties.

In the second assignment, complaint is made of the admission of a deposition. The abstract recites that the defendant objected to the reading of the deposition, but states no ground or reason for the objection.

The third assignment complains of the action of the court in overruling defendant's motion for a nonsuit; and the sixth assignment is that the court erred in rendering a judgment on the verdict. These as-

signments are based upon the alleged insufficiency of the evidence to sustain plaintiff's cause of action. It would not be profitable to review the testimony. It is enough to say that there was sufficient testimony to show that plaintiff and his assignors were hired to haul the ties, by the defendant, or by some one authorized by the defendant to hire them; that the ties were hauled by the plaintiff and his assignors, and that defendant failed to pay for such hauling. True, there was evidence to the contrary, but it was for the jury to determine the question upon conflicting testimony.

In the fourth assignment, it is said that the court erred in admitting a deposition in rebuttal, because the testimony was not rebuttal, but cumulative, and because the questions therein were leading. The questions are not printed in the abstract; besides, an objection, that a question in a deposition is leading, cannot be made at the trial.—Mills' Ann. Code, § 353. The claim is made that the deposition contained only testimony already given in chief, and was therefore improper in rebuttal. If this is so, it does not appear that it prejudiced the defendant, or that the discretion of the court was abused. The admission of testimony not strictly in rebuttal is a matter resting in the discretion of the trial court, and is not subject to review, excepting in case of abuse to the prejudice of the defendant. See the numerous Colorado cases referred to under the title of "Trial," 2 Mills' Digest, page 2177, and 1 Thompson on Trials, § 346. It is also asserted that the court erred in giving an instruction because there was no testimony upon which the instruction could be based. The evidence relating to the matter intended to be covered by the instruction is omitted from the abstract for some reason, and the instruction will not be reviewed.

As all the errors assigned have been noticed and found without merit, the judgment will be affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.